FILED

NOV 20 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC 27 2006
1:50 pm
DISTRICT OF HAWAII

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERYL MARIE PERU, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> USS MISSOURI MEMORIAL ASSOCIATION, INC.; JOHN DOES, 1-20; MARY DOES; JOHN DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ASSOCIATES 1-20; OTHER ENTITIES 1-20; USS MISSOURI (BB63), aka Mighty Mo, <br><br> Defendants - Appellees. | No. 05-15421 <br><br> D.C. No. CV-04-00610-SPK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior Judge, Presiding

Submitted November 13, 2006**
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Cheryl Peru, a tourist photographer injured while ascending a ladder on board the naval-historical museum located inside the USS Missouri, filed this negligence action in federal district court against the USS Missouri Memorial Association and others (MMA) invoking maritime jurisdiction. *See* 28 U.S.C. § 1333. The district court granted MMA's motion to dismiss for lack of jurisdiction, concluding that the activity involved does not have the potential to disrupt maritime commerce. We have jurisdiction to review this decision pursuant to 28 U.S.C. § 1291, and we affirm.

A party invoking federal admiralty jurisdiction over a tort claim, under 28 U.S.C. § 1333(1), "must satisfy conditions both of location and of connection with maritime activity." *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995); *see also Sisson v. Ruby*, 497 U.S. 358, 363-65 (1990). The MMA concedes that the location condition is satisfied because the USS Missouri is "moored on navigable waters in Pearl Harbor . . . ." Thus, the only issue we must address is whether the incident at issue satisfies the connection test.

We must first "assess the general features of the type of incident involved to determine whether such an incident is likely to disrupt commercial [maritime] activity." *Sisson*, 497 U.S. at 363. Peru alleges that she was injured while working aboard the USS Missouri when she ascended a defective ladder, which

did not have a proper warning posted. Because a defective ladder, which caused injury while a person was using it within the museum-ship, could not cause injury to any person or thing outside the ship, the alleged incident could not possibly disrupt maritime commerce. *See H2O Houseboat Vacations Inc. v. Hernandez*, 103 F.3d 914, 916-17 (9th Cir. 1996) (holding no potential to disrupt when the internal carbon monoxide omission incident could only have affected someone inside the boat that was tied to the shore); *cf. Sisson*, 497 U.S. at 363 (holding potential to disrupt when the fire incident occurred on a vessel docked at a marina on navigable waters because a fire could spread to nearby commercial vessels). Therefore the district court correctly found it lacked jurisdiction.

Because Peru fails to demonstrate any connection between the incident and maritime commerce, the district court properly dismissed her action for want of maritime jurisdiction.

**DISMISSED.**